IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERIC MYRIECKES,                                                            ORDER

                      Petitioner,

                                                                             09-cv-677-slc[1]

     v.

C. HOLINKA, Warden.

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Petitioner Eric Myrieckes has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and has paid the $5 filing fee. Petitioner challenges the validity of his sentence on the grounds that the sentencing court would have deviated from the sentencing guidelines but felt constrained by them and would have attributed a smaller quantity of drugs to petitioner had petitioner's lawyer raised an objection when the issue came up. I will dismiss the petition for a writ of habeas corpus because § 2241 is not available under the circumstances petitioner presents.

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. For the purpose of issuing this order only, I am assuming jurisdiction over this case.

1

A federal prisoner seeking to attack his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255, except in limited circumstances. Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003). Relief under § 2241 is available only when a motion under § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention," 28 U.S.C. § 2255(e). This requires a showing that "a structural problem in § 2255 forecloses even one round of effective collateral review" and "the claim being foreclosed is one of actual innocence." Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002).

Petitioner states that he was sentenced in the United States District Court "of Pennsylvania." A review of online court records shows that he was sentenced in the United States District Court for the Western District of Pennsylvania. The docket sheet shows that petitioner has attempted to challenge his conviction multiple times using § 2255. United States v. Andrews, et al, case no. 00-cr-14-KRG-3, dkts. ##124, 133, 136, 137, 139, 140. Now he tries to bring a challenge under § 2241.

Petitioner recognizes the limitations that § 2241 places on the pursuit of challenges to the validity of sentences, but contends that he could not use § 2255 because his argument was foreclosed at the time that § 2255 was available. The Court of Appeals for the Seventh Circuit has held that the circumstances petitioner alleges do not entitle him to a new § 2255 proceeding. In Unthank v. Jett, 549 F.3d 534 (7th Cir. 2008), the petitioner argued that the disposition of his first § 2255 motion had been erroneous, as shown by an intervening

2

decision of the United States Supreme Court.  Maybe so, said the court of appeals, but the Supreme Court's decision "did not, however, create a new and retroactive rule of constitutional law; at most it just showed that an error had been made.  It did not permit a new collateral attack under § 2255(h)."  Id. at 535(citing Taylor v. Gilkey, 314 F.3d 832 (7th Cir. 2002)).

Petitioner might be able to show that he is eligible for a hearing under § 2255(e) if he could show that he is actually innocent, as he claims.  His own averments contradict any such claim.  He admits having entered a plea of guilty to the underlying crime and does not suggest that he was innocent of that crime.  Instead, he asserts only that he is "innocent" of the particular *sentence* he received.  However, a claim that a "sentence is too high" is not a claim of innocence, Unthank, 549 F.3d at 536, except perhaps when the petitioner is claiming "innocence" of a status under a statute that requires a sentence enhancement.  In re Davenport,  147 F.3d 605, 609-10 (7th Cir. 1998).  Under Davenport, if petitioner were challenging his designation as a career offender, § 2241 might be available in limited circumstances that are not present in this case.  Although petitioner says he was classified as a career offender, he does not say that the classification was erroneous.  Instead, he contends that whatever the classification, the sentencing court should have felt free to depart downward from the sentencing guidelines.  Under these circumstances, it is Unthank that applies, not Davenport.  Because petitioner has not shown that his § 2255 remedy was

3

inadequate or ineffective to test the legality of his detention, this court lacks jurisdiction to hear what is a successive petition.

ORDER

IT IS ORDERED that the petition for a writ of habeas corpus filed by Eric Myrieckes is DENIED under 28 U.S.C. § 2255(e) because petitioner has not shown that he is authorized to apply for relief under 28 U.S.C. § 2241 or that this court has jurisdiction to hear what is a successive petition as defined in 28 U.S.C. § 2255(h).

Entered this 23rd day of November, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge